IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LATINI SWIFT, | ) | 8:14CV421 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN DOES, OMAHA POLICE, | ) | |
| and KYLER, | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff Latini Swift filed her Complaint (Filing No. 1) in this matter on December 30, 2014. This court has given her leave to proceed in forma pauperis. The court now conducts an initial review of her Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

    Latini Swift brings this action pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments. She named the Omaha Police, "Kyler," and John Does as Defendants. Her allegations, in their entirety, are as follows:

> On 8-8-14 Officer Kyler followed Plaintiff to Bank and illegally arrested Plaintiff on search warrant as was set out 8-14cv243 on docket. Plaintiff handcuffed at Bank and transported to 3929 N 42nd street as said supra on pretext that Bous warrant to search Justified illegal arrest as said wherefore, we pray $100,000,000 damage and declaration our rights violated as said.

(Filing No. 1 at CM/ECF p. 1.)

The court takes judicial notice of the case referenced by Plaintiff, a case currently pending before this court. In *Swift v. Kyler*, Case Number 8:14CV243, Plaintiff Charles Swift alleged that on August 8, 2014, he was at his wife's residence with his wife, Arnetta Hill Swift, and Latini Swift. Charles, Arnetta, and Latini Swift (collectively "the Swifts") left the residence in a vehicle and were followed by officers of the Omaha Police Department. The officers pulled the vehicle over for allegedly failing to signal. The officers, including Officer Kyler, then informed the Swifts they had a warrant to search the residence the Swifts had just departed. The officers arrested the Swifts and then transported them to the residence where they conducted a search and found nothing illegal inside. (*See* Case No. 8:14CV243 at Filing No. 1 and Filing No. 7.)

In Case Number 8:14CV243, the court determined Charles Swift had stated a plausible Fourth Amendment claim against Officer Kyler in his individual capacity. (Case No. 8:14CV243 at Filing No. 8.) The court determined Charles Swift did not state a plausible claim for relief against the City of Omaha because he had not alleged an official policy or custom caused a violation of his constitutional rights. (Case No. 8:14CV243 at Filing No. 6 at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Latini Swift named the Omaha Police, "Kyler," and John Does as Defendants. The court construes her claims against the Omaha Police as being a suit against the City of Omaha, Nebraska. In addition, because she did not specify the capacity in which Kyler is to be sued, the court assumes he is sued in his official capacity only. *See*, *e.g.*, *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official

capacity."). A claim against Kyler in his official capacity is, in reality, a claim against the City of Omaha. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity.").

The City of Omaha may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *See Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Latini Swift does not present any allegations of an official policy or custom in her Complaint. Thus, she has not alleged sufficient facts to "nudge" her claims

4

against the City of Omaha across the line from conceivable to plausible under the *Jane Doe* standard. On the court's own motion, Plaintiff will have 30 days in which to file an amended complaint that states a plausible claim for relief in this matter.

IT IS THEREFORE ORDERED that:

1. Plaintiff must file an amended complaint within 30 days that states a claim upon which relief may be granted.

2. The clerk's office is directed to set the following case management deadline: May 8, 2015: Check for amended complaint.

DATED this 7th day of April, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.